```
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
       CHARLESTON DIVISION
```

| | |
|---|---|
| Darrell L. Goss, | ) |
|        Plaintiff, | ) |
| v. | ) Civil Action No. 2:18-cv-326-BHH |
| Bryan P. Stirling; Warden Cothran; Associate Warden J. Dean; G. Leaman, Associate Warden; Major R. Chvala; Captain L. Pack; Captain Staggers; Lieutenant Larry; Warden John R. Pate; Virginia Grubbs, Postal Director; D. Phillips, Assistant Postal Director; and Cindy Beer, US Postal Director, | ) **ORDER** |
|        Defendants. | ) |

This matter is before the Court upon Plaintiff's pro se complaint filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary determinations. On August 22, 2018, United States Magistrate Judge Mary Gordon Baker issued a Report and Recommendation ("Report") examining and ultimately recommending that the Court deny Plaintiff's motion for a temporary restraining order, or in the alternative, for a preliminary injunction. Attached to the Report was a notice advising Plaintiff of the right to file objections to the Report within fourteen days of receiving a copy. Plaintiff filed objections on September 7, 2018, and Defendants filed a reply on September 21, 2018.

In her Report, the Magistrate Judge determined that Plaintiff failed to establish the elements necessary to obtain a temporary restraining order or preliminary injunction.

Specifically, with respect to Plaintiff's request for a temporary restraining order preventing Defendant Stirling from violating Plaintiff's First Amendment right to access the courts, or in the alternative, for a preliminary injunction directing Defendants to permit Plaintiff to possess his legal materials and have access to a law library, the Magistrate Judge found that Plaintiff failed to show: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of relief; (3) that the balance of the equities weighs in his favor; or (4) that an injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The Magistrate Judge stated, "Plaintiff has not offered any evidence of actual injury resulting from his alleged denial of access to the courts. He has not indicated that he has missed a filing deadline or failed to present a claim as a result of any act of Defendants." (ECF No. 51 at 2.)

In his objections, Plaintiff asserts that he did offer evidence of actual injury by providing grievances indicating that he complained about prison officials' refusal to provide him access to his legal materials. In addition, Plaintiff quotes a portion of the prison's policy regarding an inmate's ability to retrieve his or her legal materials while in lockup, which Plaintiff argues indicates that he is allowed to request an exchange law materials from his legal box as needed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the

Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, after review, the Court finds that Plaintiff's objections do not alter the Magistrate Judge's conclusion. Although Plaintiff has offered evidence indicating that he has complained about being denied access to his legal materials, the Court agrees with the Magistrate Judge that Plaintiff's allegations do not satisfy *Winter*. In other words, the Court does not find, based on the current record, that Plaintiff has shown a likelihood of success on the merits or that he will suffer irreparable harm in the absence of relief. Nor does the Court finds that the equities tip in Plaintiff's favor or that an injunction is in the public interest.

Accordingly, the Court hereby adopts the Magistrate Judge's Report (ECF No. 51); overrules Plaintiff's objections (ECF No. 55); and denies Plaintiff's motion for a temporary restraining order, or in the alternative, for a preliminary injunction (ECF No. 37).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks  
The Honorable Bruce H. Hendricks  
United States District Judge

November 2, 2018  
Charleston, South Carolina